# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

ELMER OMAR S. E.,

    Petitioner,

v.

PAMELA BONDI, *Attorney General*;
KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;
TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*;
and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*,

    Defendants.

Case No. 26-cv-1412 (LMP/DLM)

**ORDER**

---

Jacob R. Peterson, **Zimmer Law Group, LLC, Saint Paul, MN**, for Petitioner.

Denisha D. Daughtry and David W. Fuller, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

    Petitioner Elmer Omar S. E. is a resident of Saint Paul, Minnesota, and a citizen of Honduras who entered the United States without inspection in December 2018. ECF No. 1. ¶ 14. He was apprehended in Minnesota by Immigration and Customs Enforcement ("ICE") on January 26, 2026. *See id.* ¶ 17. He was later transported to ICE's East Camp Montana facility in El Paso, Texas, where he remains in ICE custody.[1] *Id.* ¶¶ 9, 21. Elmer

---

[1]     Respondents state that "ICE has been notified of this Court's order not to move Petitioner outside of Minnesota." ECF No. 6 at 1. However, based on Elmer Omar S. E.'s petition, the Court understood that he had already been moved to Texas. As such, the Court

Omar S. E. asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b). *See id.* ¶ 31. He contends that he is not subject to detention under 8 U.S.C. § 1225(b)(2) but instead is subject to detention, if at all, under 8 U.S.C. § 1226(a), *id.*, and that the Government has not presented a warrant that justifies his arrest or detention, *see id.* ¶ 54. Elmer Omar S. E. filed a petition for a writ of habeas corpus challenging the lawfulness of his detention and requesting either his immediate release from custody or an order requiring the Government to conduct a bond hearing. *See id.* at 15–16.

This Court has concluded that the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) do not apply to noncitizens similarly situated to Elmer Omar S. E. *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). This Court has further held that to the extent such noncitizens are detained pursuant to 8 U.S.C. § 1226(a), the Government must present an administrative warrant to justify their detention. *See Joaquin Q. L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026); *see also* 8 U.S.C. § 1226(a) (stating that a noncitizen "may be arrested and detained" pending removal "[o]n a warrant issued by the Attorney General"). Accordingly, the Court ordered the Government to answer Elmer Omar S. E.'s petition by February 19, 2026, "certifying the

---

did not enter any order relating to his movement, ECF No. 3 at 2–3, but this Order will now require that ICE return Elmer Omar S. E. to Minnesota as set forth below.

true cause and proper duration of Elmer Omar S. E.'s confinement," including a "good-faith argument as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from *Roberto M. F.*, *Victor Hugo D. P.*, and *Joaquin Q. L.*" ECF No. 3 at 2–3.

The Government timely responded and concedes that Elmer Omar S. E.'s petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided." ECF No. 6 at 1. Nevertheless, the Government "assert[s] all arguments raised by the government in *Avila* [*v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025)]" and requests to "preserve those arguments for any appeal in this case." *Id.* at 1–2.

Because nothing distinguishes Elmer Omar S. E.'s case from those the Court has previously decided, and because the Government has not presented a warrant that would justify Elmer Omar S. E.'s detention under 8 U.S.C. § 1226(a), the Court concludes that Elmer Omar S. E. is entitled to immediate release from custody. The Court therefore grants Elmer Omar S. E.'s petition as set forth below.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1. Elmer Omar S. E.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2. The Government is **ORDERED** to return Elmer Omar S. E. to Minnesota from Texas by no later than **5:00 p.m. on Wednesday, February 25, 2026**;

3

3. After returning Elmer Omar S. E. to Minnesota, the Government is **ORDERED** immediately to release Elmer Omar S. E. from custody, without conditions and with all personal property; and

4. The Government is **ORDERED** to file a status report certifying its compliance with this Order by no later than **5:00 p.m. on Thursday, February 26, 2026**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 20, 2026                *s/Laura M. Provinzino*
                                         Laura M. Provinzino
                                         United States District Judge